UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON ERIC WILSON,<br><br>Petitioner,<br><br>v.<br><br>DALE BONN,<br><br>Respondent. | Case No. 26-cv-12954<br><br>Honorable Robert J. White |

**OPINION AND ORDER DENYING MOTION FOR STAY**

Petitioner Brandon Eric Wilson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2023 Livingston Circuit Court conviction for second-degree murder. (ECF No. 1). According to the petition, the Michigan Supreme Court denied leave to appeal on June 27, 2025. (*Id.* at PageID.10). The conviction became final for purposes of the one-year federal habeas limitations period 90 days later, on September 25, 2025, when the time to seek certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13.1; *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Wilson signed and dated his petition on August 5, 2026, about seven weeks before the limitations period was set to expire. (ECF No. 1, PageID.3).

Before the Court is Petitioner's motion to stay proceedings and hold his petition in abeyance. (ECF No. 2). Petitioner states that he has claims he wishes to

present to the state courts in a post-conviction review proceeding that were not presented on direct appeal. (*Id.* PageID.38.)

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances": the petitioner must show good cause for failing to exhaust the claims earlier, the unexhausted claims must not be "plainly meritless," and there must be no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277–78. Petitioner's motion fails to demonstrate entitlement to a stay. His motion does not identify the claims he intends to present to the state courts or describe their factual basis. Without that information, the Court cannot determine whether any unexhausted claim is "plainly meritless." *Id.* at 277. The motion for a stay will therefore be denied.

**SO ORDERED**.

Dated: September 29, 2026

s/Robert J. White
Robert J. White
United States District Court